IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:25-CR-143 (AJT) |
| v. | ) | |
| | ) | |
| MOHAMMAD SHARIFULLAH | ) | |

GOVERNMENT'S MOTION TO SEAL, NOTICE OF FILING OF MOTION TO SEAL AND MEMORANDUM IN SUPPORT OF MOTION TO SEAL PURSUANT TO LOCAL CRIMINAL RULE 49(E)

Pursuant to Local Rule 49(E) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, the United States hereby moves this Court for leave to file a Consent Motion to Continue Trial Date, under seal. A proposed order is attached for the Court's consideration.[1]

I.   Items to be Sealed and Necessity for Sealing

Sealing is necessary in order to safeguard the privacy of confidential case information. Counsel for the government has considered procedures other than sealing and none will suffice to protect this information from disclosure.

II.   Previous Court Decisions Which Concern Sealing Documents

The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293

---

[1] The documents to be sealed will be filed with the Court non-electronically pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures (*see* p. 16). Pursuant to the Local Rules, the sealed document is to be treated as sealed pending the outcome of this motion.

(D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing is appropriate where there is a substantial probability that the release of the sealed document would compromise the defendant's theories of his defenses to the prosecution. *See e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F. Supp. 366 (D. Kan. 1992).

III.   Period of Time to Have the Documents Under Seal

The materials to be filed under seal would need to remain sealed in permanently or until unsealed by the Court.

WHEREFORE, the United States requests that an Order be entered allowing the Consent Motion to Continue Trial Date attached to this motion to be placed Under Seal. An appropriate Order is attached.

Respectfully submitted,

Lindsey Halligan
United States Attorney

_____/s_____
John T. Gibbs
Assistant United States Attorney
Virginia Bar No. 40380
(703) 299-3700
(703) 837.8242 (fax)
john.gibbs@usdoj.gov