IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                          ) | Case No. 1:25-cr-143 |
| ) | |
| MOHAMMAD SHARIFULLAH,       ) | |
|       Defendant                    ) | |

## MR. SHARIFULLAH'S MOTION TO DISQUALIFY LINDSEY HALLIGAN AS INTERIM U.S. ATTORNEY

### Introduction

> [I]t does not follow that the Attorney General may make another appointment pursuant to 28 U.S.C. 546(a) after the expiration of the 120-day period. The statutory plan discloses a Congressional purpose that after the expiration of the 120-day period further interim appointments are to be made by the court rather than by the Attorney General.

Memorandum from Samuel A. Alito, Dep. Ass't Att'y General, Office of Legal Counsel, to William P. Tyson, Dir. Exec. Office for U.S. Attorneys 3 (Nov. 13, 1986) (attached as Exhibit 1).

    The United States Attorney is a position invested with "vast power" and "immense discretion" to pursue the faithful execution of the law. *Morrison v. Olson*, 487 U.S. 654, 727 (1988) (Scalia, J., dissenting). Although an "inferior officer," *Myers v. United States*, 272 U.S. 52, 159 (1926), the U.S. Attorney for a district must be nominated by the President subject to the advice and consent of the Senate. 28 U.S.C. § 541(a).

    This practice of submitting U.S. Attorney nominations for Senate confirmation dates to 1789. Susan Low Bloch, *The Early Role of the Attorney General in Our*

*Constitutional Scheme: In the Beginning There Was Pragmatism*, 1989 Duke L.J. 561, 653 n.24 (1989); *see also Parsons v. United States*, 167 U.S. 324, 338-39 (1897). Moreover, the requirement that U.S. Attorneys face Senate confirmation ensures political accountability not only in the White House but also in the Senate for "the making of a bad appointment and the rejection of a good one." *United States v. Arthrex, Inc.*, 594 U.S. 1, 12 (2021) (quoting *Edmond v. United States*, 520 U.S. 651, 660 (1997)). As the Supreme Court has observed, this apportionment of responsibilities set forth in the Appointments Clause ranks "among the significant structural safeguards of the constitutional scheme." *Edmond*, 520 U.S. at 659.

The government's construction of 28 U.S.C. § 546 would effectively dispense with the legal requirement for Senate confirmation of U.S. Attorneys, or the longstanding authority of district courts to make interim appointments, by allowing the Attorney General to make an unlimited number of interim U.S. Attorney appointments for successive 120-day periods. This construction of § 546 is patently inconsistent with the text, history, and structure of the statute. But if it were correct, the Senate might never hold another confirmation hearing for the position of U.S. Attorney.

Mohammad Sharifullah, by counsel, moves this Court to disqualify Lindsey Halligan from serving as Interim U.S. Attorney for the Eastern District of Virginia on the grounds that her appointment violates 28 U.S.C. § 546. As such, the Court should find that Ms. Halligan's appointment and actions taken purportedly in her capacity as the U.S. Attorney for the Eastern District of Virginia are void. *See United*

*States v. Giraud*, __ F. Supp. 3d __, 2025 WL 2416737, at *12 (D.N.J. Aug. 21, 2025) ("Based on the text, context, and statutory history of section 546, the Attorney General is vested with 120 total days to appoint an Interim United States Attorney from the date that she first invokes section 546(a).").

## I.   FACTUAL BACKGROUND

On May 15, 2025, a grand jury in the Eastern District of Virginia issued in indictment charging Mr. Sharifullah with one count of conspiracy to provide material support to a foreign terrorist organization resulting in death in violation of 18 U.S.C. § 2339B. ECF 18. The indictment was signed under the auspices of Erik Siebert, then-U.S. Attorney, and contains the signature of Michael P. Ben'Ary, a former Assistant U.S. Attorney in the Eastern District of Virginia. The indictment also lists Troy Edwards, another then-Assistant U.S. Attorney, and contains the signature of Ryan White, a trial attorney with the National Security Division (NSD) of the Department of Justice.

Eastern District of Virginia Local Rule 57.4(D) provides that a "federal government attorney appearing pursuant to the authority of the United States Attorney's Office for the Eastern District of Virginia" "may appear and sign pleadings and other filings[,]" while "other federal government attorney[s] representing the United States government" may "appear and sign pleadings and other filings" as long as they are "working with an Assistant United States Attorney assigned to the Eastern District of Virginia" who "shall accompany the attorney in appearances before the Court and also sign all pleadings and other filings." E.D. Va. L.R. 57.4(D).

The relevant timeline with respect to personnel changes at the E.D. Va. U.S. Attorney's Office is as follows:

- January 20, 2025: Jessica Aber, who had been nominated by the President and confirmed by the Senate, resigned as U.S. Attorney, and Erik S. Siebert was appointed as Interim U.S. Attorney pursuant to 28 U.S.C. § 546(a).

- May 9, 2025: Pursuant to 28 U.S.C. § 546(d), upon unanimous decision by the District Judges of this Court, Mr. Seibert was appointed as the United States Attorney for the Eastern District of Virginia, effective May 21, 2025.

- September 19, 2025: Mr. Seibert resigned as Interim U.S. Attorney.

- September 22, 2025: Lindsey Halligan, a White House advisor,[1] was appointed and sworn in as Interim U.S. Attorney purportedly pursuant to 28 U.S.C. § 546.

- September 25, 2025: Troy Edwards resigns.

- October 1, 2025: Michael P. Ben'Ary is fired.

None of the attorneys associated with the Eastern District of Virginia U.S. Attorneys Office who signed or are listed on Mr. Sharifullah's indictment are currently employed by that office. Ryan White of NSD remains on the case, and John Gibbs and Avishek Panth, Assistant U.S. Attorneys for the Eastern District of Virginia, also represent the government.

---

[1] Employees in the Office of the President are distinct from employees of the Department of Justice. *See, e.g.*, *Jud. Watch, Inc. v. Dep't of Just.*, 365 F.3d 1108, 1120 (D.C. Cir. 2004) (distinguishing White House advisors from DOJ employees); 28 U.S.C. § 510 (authorizing Attorney General to delegate functions to DOJ employees).

## II. ARGUMENT

The central question posed by this motion is one of statutory construction: whether 28 U.S.C. § 546, which provides for the appointment of United States attorneys in the event of a vacancy, authorizes the Attorney General to make successive interim appointments of 120-day terms while an office remains vacant. The answer to this question is of significant consequence, has already been raised in other cases, and has been referred for determination by a district judge from the District of South Carolina. *See United States v. Comey*, 1:25-cr-272, ECF 62 (Oct. 21, 2025) (attaching order from Chief Judge Diaz of the Fourth Circuit and referring issue for consideration by the Honorable Cameron M. Currie); *United States v. James*, 2:25-cr-122, ECF 23 (Oct. 24, 2025) (same).

As a matter of first principles, however, only the Attorney General or an authorized representative are empowered to initiate a judicial proceeding "in the name of the United States as sovereign." *United States v. Nixon*, 418 U.S. 683, 694 (1974); *see also Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922) (stating that the Attorney General "is the hand of the president in taking care that the laws of the United States in protection of the interests of the United States in legal proceedings and in the prosecution of offenses be faithfully executed"). As the Supreme Court noted in 1868, the "[s]ettled rule is that [] courts will not recognize any suit, civil or criminal, as regularly before them, if prosecuted in the name and for the benefit of the United States, unless the same is represented by the district attorney, or some one

5

designated by him to attend to such business, in his absence, as may appertain to the duties of his office." *The Confiscation Cases*, 74 U.S. 454, 457 (1868).

An indictment obtained by an "unauthorized AUSA" thus deprives the federal court of "jurisdiction in a criminal prosecution where the Government lacks an authorized representative." *United States v. Bennett*, 464 F. App'x 183, 185 (4th Cir. 2012); *accord United States v. Singleton*, 165 F.3d 1297, 1299–300 (10th Cir. 1999) (en banc) ("[A] federal court cannot even assert jurisdiction over a criminal case unless it is filed and prosecuted by the United States Attorney or a properly appointed assistant."); *United States v. Rosenthal*, 121 F. 862, 873 (C.C. S.D.N.Y. 1903) (dismissing indictment obtained by an "unauthorized prosecutor" who "had no power to perform" the duties of an authorized federal prosecutor).

Moreover, even when an indictment has been obtained by an "authorized representative" of the government, participation or supervision by an improperly appointed U.S. attorney "would be unlawful." *United States v. Garcia*, 2025 WL 2784640, at *18 (D. Nev. Sept. 30, 2025); *see also United States v. Ramirez*, 2025 WL 3019248, at *20 (C.D. Cal. Oct. 28, 2025); *Giraud*, 2025 WL 2416737, at *26.

### A. Statutory Framework for the Appointment of Interim and Acting U.S. Attorneys

Title 28, Section 541 establishes the position of United States Attorney. Subsection (a) sets the default rule that U.S. Attorneys must receive Presidential

appointment and Senate confirmation. A Presidentially-appointed and Senate-confirmed U.S. Attorney serves for a term of four years. § 541(b).

Section 546 of Title 28 addresses U.S. Attorney vacancies and identifies two mechanisms by which interim United States Attorneys may be appointed. Although the authority of a duly-appointed interim U.S. Attorney is the same as that of a Senate-confirmed U.S. Attorney, the tenure and duration of such an appointment are different.

First, § 546(a) permits the Attorney General to make an interim appointment. Specifically, under subsection (a), "the Attorney General may appoint a United States attorney for the district in which the office of United States Attorney is vacant." This Attorney-General-directed appointment authority is time-limited. Under § 546(c)(2), "a person appointed as United States attorney under this section may serve until the earlier of—(1) the qualification of a United States attorney for such district appointed by the President … or (2) the expiration of 120 days after appointment by the Attorney General[.]"

This 120-day limit was added to the statute in 2007. *See* Preserving United States Attorney Independence Act of 2007, Pub. L. No. 110-34. As detailed below, the 120-day limit was specifically designed to address concerns that presidential administrations might improperly use interim U.S. Attorney appointments to avoid the Senate's constitutional advice-and-consent function.

Section 546(d) then provides that "[i]f *an* appointment expires under subsection (c)(2), the district court may appoint a United States attorney to serve

until the vacancy is filled." § 562(d) (emphasis added). Judicial authority to make interim appointments of U.S. Attorneys in the event of a vacancy dates to 1863. Act to Give Greater Efficiency to the Judicial System of the United States of March 3, 1863, 12 Stat. 768. An 1898 statute likewise vested the power to temporarily fill vacancies in the positions of U.S. Marshal and U.S. Attorneys in "the district court of the United States for the district where such vacancy exists[.]" An Act Concerning Attorneys and Marshals of the United States, June 24, 1898, 30 Stat. 487.

In 1986, Congress amended the authority to appoint interim U.S. Attorneys to allow the Attorney General to make an interim appointment, limited by the Senate confirmation of a nominee or "the expiration of 120 days after appointment by the Attorney General under this section." Pub. L. No. 99-646, § 69, 100 Stat. 3617. "If an appointment expires under" this subsection, the statute provided that "the district court for such district may appoint a United States attorney to serve until the vacancy is filled." *Id*.

In 2006, however, Congress eliminated judicial authority to make interim appointments and eliminated the 120-day limitation on interim appointments by the Attorney General. USA PATRIOT Improvement and Reauthorization Act of 2005, Pub. L. No. 109–177, 120 Stat. 192. Under the 2005 Patriot Act, "judicial input in the interim appointment process was eliminated and, perhaps more importantly, it created a possible loophole that could permit United States Attorneys appointed on an interim basis to serve indefinitely without Senate confirmation." Interim Appointment of United States Attorneys, H.R. REP. 110-58, 2007 WL 853214, at 4-5

(Mar. 20, 2007). Accordingly, if this law were still in effect, the government would be on solid ground in arguing that the Attorney General possessed essentially unlimited authority to appoint interim U.S. Attorneys to serve following a vacancy.

But that law is no longer in effect. Reversing course, Congress in 2007 restored the 120-day limitation to fill a vacancy on an interim basis by the Attorney General and restored the judiciary's authority to make appointments upon the expiration of the 120-day period. Preserving United States Attorney Independence Act of 2007, Pub. L. 110–34, 121 Stat. 224. "When Congress amends legislation, courts must 'presume it intends [the change] to have real and substantial effect.'" *Ross v. Blake*, 578 U.S. 632, 641-42 (2016) (citation omitted). The restoration of the temporal limitation on interim appointments by the Attorney General and judicial authority to make interim appointments thus indicates that Congress sought to prevent indefinite interim appointments by the Attorney General. *See* H.R. Rep. 110-58 at 6 (noting that amendment to § 546 eliminates "possibility" that "the Attorney General could effectively appoint an interim United States Attorney" and avoid Senate confirmation process).

28 U.S.C. § 546 now appears as it did in 1986 when Justice Alito drafted a memo as a deputy assistant attorney general in the Office of Legal Counsel and concluded that "that after the expiration of the 120-day period further interim appointments are to be made by the court rather than by the Attorney General." Ex. 1. As the First Circuit has observed, "[t]hese two pieces of the statutory scheme" — the Attorney General's authority to fill a vacancy for 120-days, and a district court's

authority to make an interim appointment for an indefinite period thereafter — "fit together tongue and groove." *United States v. Hilario*, 218 F.3d 19, 23 (1st Cir. 2000).

By contrast, the statute governing the appointment of an interim U.S. Marshal in the event of a vacancy, 28 U.S.C. § 562, currently contains no provision for judicial appointment in the event of the expiration of a time period governing the Attorney General's interim appointment. While § 546(d) explicitly provides a means by which the district court may appoint an interim U.S. Attorney for an indefinite period, § 562 says only that an interim U.S. Marshal appointed by the Attorney General may serve until assumption of the office by a Senate-confirmed nominee, the expiration of the thirtieth day following the end of the next Senate session, or the expiration of the thirtieth day following the Senate's rejection of a nomination. § 562(b).

To avoid a circumstance in which a vacancy remains unfilled, the Office of Legal Counsel has concluded that "the language of the statute is compatible with a grant of authority to make *successive* designations[,]" and that "successive interim appointments … may be more clearly permissible under the marshal statute" than under § 546. John C. Harrison, Authority of the Attorney General to Make Successive Designations of Interim United States Marshals, Mem. Op. for the Ass't Att'y Gen'l at 2-3 & n.5 (Jan. 19, 1993) (emphasis added) (attached as Exhibit 2).

### B. The Attorney General's Power Under 28 U.S.C. § 546 to Appoint an Interim U.S. Attorney is Subject to Aggregate Time Limitations

As noted above, pursuant to 28 U.S.C. § 546(a), "the Attorney General may appoint a United States attorney for the district in which the office of United States attorney is vacant." However, this power is not unlimited. Section 546(c)(2) provides

10

that "[a] person appointed as United States attorney under this section may serve until the earlier of... the expiration of 120 days after appointment by the Attorney General under this section."

Notably, § 546(c)(2) does not specify that a person so appointed may serve until "the expiration of 120 days after *that person's* appointment" under this section. As explained in *United States v. Giraud*, ___ F.Supp.3d ___ 2025 WL 2416737 at *10 (D.N.J. Aug. 21, 2025), the plain text of the 120-day limitation in § 546(c)(2) contains no such limitation on the 120-day limitation. The text thus operates as an aggregate limit on the Attorney General's appointment power, not a per-appointee limitation. Accordingly, the court in *Giraud* held that "the Attorney General is vested with 120 total days to appoint an Interim United States Attorney from the date that she first invokes section 546(a)." In this case, that period expired on May 21, 2025, which prompted this Court's Order appointing Mr. Seibert pursuant to § 546(d).

The court in *Girard* specifically addressed the issue of successive appointments under § 546(a), concluding that Congress intended to limit the Attorney General's power to prevent circumvention of the 120-day limit. The court noted:

> Accepting the Government's reading would give the Executive a permanent means of thwarting [section 546(d)] by terminating every section 546(a) appointment on its 119th day. Taken to the extreme, the President could use this method to staff the United States Attorney's office with individuals of his personal choice for an entire term without seeking the Senate's advice and consent.

*Giraud*, 2025 WL 2416737 at *10-11. This is precisely what the 2007 legislation was designed to prevent.

11

Moreover, the government's "120-day per appointee" reading of § 546(c)(2) would mean that *both* the Attorney General and the district court would possess competing authority to appoint an interim U.S. Attorney upon the "expiration of 120 days" after an initial interim appointment. Authority to appoint an interim U.S. attorney requires that a Senate-confirmed position be "vacant." But as the text of § 546 provides, an interim appointment does not actually "fill" that "vacancy." Section 546(a) provides that the Attorney General may appoint an interim to serve in a district where the office "*is* vacant," and district courts may subsequently appoint an interim U.S. Attorney to serve "until the vacancy *is* filled." § 546 (emphasis added). In other words, interim appointments do not eliminate a "vacancy" that requires qualification by Presidential nomination and Senate confirmation to fill. *See Giraud*, 2025 WL 2416737, at *6-7.

Under § 546(d), district courts are authorized to appoint a U.S. Attorney "[i]f *an* appointment expires under subsection (c)(2)." (emphasis added). The use of the indefinite article "an" means that district courts possess authority to appoint a U.S. Attorney upon the expiration of 120 days after an appointment by the Attorney General under § 546. *See Niz-Chavez v. Garland*, 593 U.S. 155, 162 (2021) ("indefinite articles (like 'a' or 'an') precede countable nouns"). The government's construction thus poses the possibility that district courts could appoint a competing U.S. Attorney alongside an appointment by the Attorney General. By contrast, limiting the Attorney General's authority to appoint interim U.S. Attorney[s] to fill a single vacancy to an aggregate period of 120 days, followed by the authority of the district

12

court to appoint a U.S. Attorney pending the Senate's confirmation of a Presidentially-nominated candidate, reflects statutory provisions that are not at war but rather "fit together tongue and groove." *Hilario*, 218 F.3d at 23.

Congress's 2007 decision to restore the 120-day limitation on the Attorney General's authority to make interim appointments, and to authorize district court's to make interim appointments for indefinite periods upon the expiration of the Attorney's General's authority to make such an appointment, considered alongside the requirement that nominations for U.S. Attorney require Senate confirmation, all make clear that the Attorney General does not have the authority to make successive, and potentially indefinite, appointments of interim U.S. Attorneys. The government's construction of § 546 is thus contrary to the text, history, and structure of the statute.

### C. The Initial 120-Day Period Has Already Expired

The 120-day period under § 546(c)(2) began running on January 20, 2025, when Erik Siebert was first appointed as Interim U.S. Attorney pursuant to § 546(a). This 120-day period expired on May 20, 2025.

While Mr. Siebert was subsequently appointed under § 546(d) by the District Court on May 21, 2025, this appointment under subsection (d) does not reset or extend the Attorney General's 120-day appointment power under subsection (a). As the *Giraud* court explained, § 546(d) provides the district court with permissive authority to act "until the vacancy is filled" when the Attorney General's 120-day period expires. According to the plain text, therefore, the Court's appointment of Mr.

Seibert did not fill the vacancy, which remained until Senate confirmation of a Presidentially-appointed nominee.

### D. The September 22, 2025 Appointment Exceeds the Attorney General's Statutory Authority.

Ms. Halligan's appointment on September 22, 2025, purportedly under § 546(a), is invalid because it occurred well after the expiration of the initial 120-day period that began on January 20, 2025. Under the proper interpretation of § 546(c)(2) as established in *Giraud*, the Attorney General's power to make appointments under subsection (a) was exhausted on May 20, 2025.

### CONCLUSION

For the foregoing reasons, Lindsey Halligan's appointment as U.S. Attorney for the Eastern District of Virginia is invalid and exceeds the Attorney General's statutory authority under 28 U.S.C. § 546. The Court should disqualify Ms. Halligan from serving in this position and hold that her actions purportedly taken in her capacity as the U.S. Attorney for the Eastern District of Virginia are void.

Respectfully submitted,

MUHAMMAD SHARIFULLAH

By: _____/s/_____
Geremy C. Kamens
Va. Bar No. 41596
Federal Public Defender
Lauren E. S. Rosen
VA Bar No: 98540
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314

14

Ph. (804) 600-0800  
Fax (804) 600-0880  
Geremy_Kamens@fd.org