# Exhibit 2

# Authority of the Attorney General to Make Successive Designations of Interim United States Marshals

Under 28 U.S.C. § 562, the Attorney General may make two or more successive designations of a person to serve as interim United States marshal in a judicial district where the marshal's office is vacant

After the expiration of an initial designation of a United States marshal under 28 U.S.C. § 562, the Attorney General may authorize a person to act as marshal under 28 U.S.C. §§ 509, 510.

January 19, 1993

MEMORANDUM OPINION FOR THE ASSISTANT TO THE ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL

This memorandum responds to your request for our opinion whether, under 28 U.S.C. § 562, the Attorney General may make two or more successive designations of a person to serve as interim United States marshal in a judicial district where the marshal's office is vacant.[1] You have also asked whether, after the expiration of an initial designation under § 562, the Attorney General may authorize a person to act as marshal under 28 U.S.C. §§ 509, 510. We conclude that § 562 permits the Attorney General to make successive interim designations, and that the Attorney General also may authorize a person to act as marshal under §§ 509 and 510.

I.

You have advised us that, in several judicial districts, deputy marshals were serving or are serving as interim marshals, pursuant to designations made under 28 U.S.C. § 562, and delegations under 28 U.S.C. § 510. The designations, under § 562, of some of these interim marshals expired thirty days after the end of the

---

[1] 28 U.S.C § 562 provides.
   (a) In the case of a vacancy in the office of a United States marshal, the Attorney General may designate a person to perform the functions of and act as marshal, except that the Attorney General may not designate to act as marshal any person who was appointed by the President to that office but with respect to such appointment the Senate has refused to give its advice and consent.
   (b) A person designated by the Attorney General under subsection (a) may serve until the earliest of the following events:
      (1) The entry into office of a United States marshal appointed by the President, pursuant to section 561(c)
      (2) The expiration of the thirtieth day following the end of the next session of the Senate
      (3) If such designee of the Attorney General is appointed by the President pursuant to section 561(c), but the Senate refuses to give its advice and consent to the appointment, the expiration of the thirtieth day following such refusal

1

second session of the Senate for the 102nd Congress. Other interim designations will expire thirty days after the end of the current session of the Senate.[2] Faced with the prospect that a new marshal would not have entered into office by the expiration date of some of the interim designations, the Attorney General issued orders redesignating the same deputies as interim marshals and delegating to them authority to act as marshals. If this situation recurs, the Attorney General wishes to pursue a similar course, redesignating the same deputy marshal, or another deputy marshal, to serve as interim marshal and delegating appropriate authority to that person. None of the designees has been, or will have been, appointed a marshal by the President, and refused advice and consent by the Senate.

## II.

Section 562 grants the Attorney General authority, subject to specific eligibility limitations, to "designate a person to perform the functions of and act as marshal" when the office of marshal is vacant. While the marshal vacancy statute imposes limits on the authority it grants to the Attorney General, the language of the statute is compatible with a grant of authority to make successive designations.[3] The statute does not explicitly bar the Attorney General from issuing a new designation when a previous one expires.[4] We hesitate to read such a limitation into the statute. Doing so could lead to serious gaps in the United States Marshals Service's legal authority to perform its vital duties, including its "primary role and mission" of "provid[ing] for the security" of the federal courts. 28 U.S.C. § 566(a). For any number of reasons, a new marshal may not yet have taken office when an interim marshal's designation expires. The President may not have submitted a nominee to the Senate; the Senate may fail to act on the nomination, or may reject it.

If the Senate is in recess on the date an interim marshal's designation terminates without a new marshal's having taken office, the President may exercise his constitutional authority to make a recess appointment to the vacant marshal position.

---

[2] We interpret the phrase "end of the next session of the Senate," in 28 U.S.C. § 562(b)(2), to have the same meaning as the nearly identical phrase in the Recess Appointments Clause, U.S. Const. art. II, § 2, cl 3, that is, the adjournment *sine die* of the session of the Senate for the first session of Congress that begins after the designation was made. *See Recess Appointments*, 41 Op. Att'y Gen 463, 469-71 (1960), *Recess Appointments Issues*, 6 Op. O L C. 585, 586-87 (1982) Thus, interim marshal designations made during the first session of the 102nd Congress expired thirty days after the adjournment of the Senate *sine die* for the second session of the 102nd Congress. Designations made during the second session of the 102nd Congress will terminate, under § 562(b)(2), thirty days after the adjournment of the Senate *sine die* for the first session of the 103rd Congress, probably November or December, 1993

[3] The first rule of statutory construction is to look to the language of the statute. *See, e.g., Pennsylvania Dep't of Pub Welfare v. Davenport*, 495 U.S. 552, 557-58 (1990), *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979); *Greyhound Corp v Mt. Hood Stages, Inc.*, 437 U S. 322, 330 (1978)

[4] The legislative history does not address the situation in which an interim appointment has automatically terminated without a permanent marshal's having entered into office. It says little more than that § 562 "provide[s] for the appointment of an Acting Marshal by the Attorney General" and "also assures the temporary nature of such interim appointments . . by providing for the automatic termination of such interim appointments " 134 Cong. Rec. 32,709 (1988)

2

*Authority of the Attorney General to Make Successive Designations of Interim United States Marshals*

U.S. Const. art. II, § 2, cl. 3. But the Senate will not necessarily be in recess on the thirtieth day following the end of its session, or following its refusal to give advice and consent to an appointment. In such circumstances, § 562, if construed as permitting only a single exercise of the authority to designate an interim marshal, would provide no mechanism for conferring upon anyone the authority to perform the functions of a marshal in a district where the marshal's office is vacant. Such a construction would be contrary to the apparent purpose of § 562, which is to provide continuity in the performance of the marshal's functions.

While the courts have not addressed the issue of successive interim designations under the marshal vacancy statute, judicial interpretation of a statute governing interim United States attorney appointments supports our analysis of § 562. Similar to the marshal vacancy statute, the United States attorney vacancy statute authorizes the Attorney General to "appoint a United States attorney for the district in which the office . . . is vacant" to serve for 120 days, or until the President fills the office by appointment. 28 U.S.C. § 546. At least one court has found that this language permits the Attorney General to appoint as "Acting United States Attorney" a person whose 120-day interim appointment as United States Attorney for the same district had expired. *In re Grand Jury Proceedings*, 671 F. Supp. 5, 6 & n.3 (D. Mass. 1987).[5]

## III.[*]

The Attorney General has broad authority to delegate almost "[a]ll functions of other officers of the Department of Justice and all functions of . . . employees of the Department" to "any other officer [or] employee . . . of the Department."[6] The language of these statutes supports the view that the Attorney General may delegate the authority to perform all of the functions of a United States marshal to a deputy marshal, without regard to whether that deputy marshal, or

---

[5] There is a difference between the two vacancy statutes that suggests that successive interim appointments by the Attorney General may be more clearly permissible under the marshal statute. Unlike § 562, § 546 explicitly provides a means for dealing with the automatic expiration of a first interim appointment: In that circumstance, "the district court . . . may appoint a United States attorney to serve until the vacancy is filled." 28 U.S.C. § 546(d). *See also* Memorandum for William P Tyson, Director, Executive Office for United States Attorneys, from Samuel A. Alito, Jr., Deputy Assistant Attorney General, Office of Legal Counsel (Nov 13, 1986) (suggesting that the Attorney General may not make successive interim appointments pursuant to section 546); *but see In re Grand Jury Proceedings*, 673 F. Supp. 1138, 1142 n.11 (D. Mass 1987) ("[I]t is not clear . . . that the Attorney General himself would be foreclosed from making a second interim appointment under" section 546).

[*] Editors Note: The Vacancies Reform Act of 1998 has called into question the conclusions reached in this section. *See* Pub. L No 105-277, 112 Stat 2681-611 (1999) (to be codified at 5 U.S.C. §§ 3345-3349d)

[6] 28 U.S C § 509 provides, "All functions of other officers of the Department of Justice and all functions of agencies and employees of the Department of Justice are vested in the Attorney General except" for several functions irrelevant here.

Section 510 of title 28 provides, "The Attorney General may from time to time make such provisions as he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General."

3

*Opinions of the Office of Legal Counsel*

anyone else, has been serving as an interim marshal for the district, pursuant to § 562.[7]

It is, nonetheless, possible to construe § 562 as limiting the Attorney General's broad authority under §§ 509 and 510. On that view, because § 562 grants the Attorney General more specific authority to address vacancies in United States marshals' offices, the section must have meant to set forth the full extent of the Attorney General's authority in that area. It might also be argued that such a reading of § 562 is necessary to make the section's time limits on interim marshal designations meaningful. Allowing the Attorney General to make potentially unlimited delegations of the authority to act as a marshal, such an argument might conclude, could displace the process of appointment by the President and advice and consent by the Senate.

The better view is not to read into § 562 such a limitation on the Attorney General's authority under §§ 509 and 510. Section 562 establishes procedures and criteria that the Attorney General must follow if he wishes to designate a person to serve as an interim marshal pursuant to the authority conferred by the marshal vacancy statute. One need not, and should not, assume that § 562 provides the exclusive means by which the Attorney General may delegate the authority to perform a marshal's functions, or that § 562 displaces any additional legal authority that the Attorney General otherwise would possess to address marshal vacancies.[8] Our interpretation preserves a function for § 562 without requiring that it operate so as to interfere with law enforcement, court security or the performance of other vital functions of the marshal's office.

This conclusion finds support in judicial interpretations of the Attorney General's authority to delegate under §§ 509 and 510, and construction of those statutes in conjunction with more "specific" statutes governing the Attorney General's authority to designate or appoint others to perform functions of the Department of Justice. *See, e.g., In re Subpoena of Persico*, 522 F.2d 41, 54-55 (2d Cir. 1975) (Attorney General has authority to assign others to perform prosecutorial functions "not only under 28 U.S.C. § 515 [authorizing specific designation], but also under ... other statutes," including §§ 509 and 510); *In re Grand Jury Proceedings*, 673 F. Supp. at 1138-39, 1142 (accepting Attorney General's delegation, under § 510, of authority to act as U.S. attorney, to person whose interim appointment as U.S. attorney under § 546 had terminated); *Bruzzone v. Hampton*, 433 F. Supp. 92, 97 (S.D.N.Y. 1977) (statute authorizing marshals to remove deputy marshals did not

---

[7] As "officials of the [United States Marshals] Service," 28 U S.C §§ 564, 566(d), deputy marshals are "officer[s or] employee[s]   . of the Department of Justice," 28 U.S.C. § 510.

[8] We do not regard the Vacancies Act, 5 U S.C §§ 3345-3349, as limiting the Attorney General's authority to delegate under §§ 509 and 510  Our long-standing view is that the time limits the Vacancies Act imposes on designations apply only to designations made under that act, and that §§ 509 and 510 should be construed as remedial legislation superseding the Vacancies Act. *See, e g.*, Memorandum for Rudolph W Giuliani, Associate Attorney General, from Ralph W Tarr, Deputy Assistant Attorney General, Office of Legal Counsel (Dec. 30, 1982).

4

*Authority of the Attorney General to Make Successive Designations of Interim United States Marshals*

diminish Attorney General's power, under § 509, to "perform the functions of the Marshal" or to delegate to another officer the marshal's authority to remove deputy marshals).[9]

### IV.

For the reasons set forth above, we conclude that 28 U.S.C. § 562 authorizes the Attorney General (subject to the limitations the statute explicitly imposes) to designate a deputy marshal to serve as interim marshal upon the expiration of his, or another person's, prior designation as interim marshal in a judicial district where the marshal's office is vacant. We also conclude that 28 U.S.C. §§ 509, 510 authorize the Attorney General to delegate the authority to perform the functions of a United States marshal to a deputy marshal. We recommend that Attorney General Orders designating interim United States marshals recite, in an abundance of caution, that the Attorney General acts pursuant to the authority granted by 28 U.S.C. §§ 509, 510, 562.

JOHN C. HARRISON
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[9] *See also* Memorandum for Robert A. McConnell, Assistant Attorney General, Office of Legislative Affairs, from Robert B Shanks, Deputy Assistant Attorney General, Office of Legal Counsel (May 24, 1983) (Attorney General has authority to appoint acting U S. attorneys under § 510, predecessor to § 546 vacancy statute is unnecessary). An earlier OLC opinion suggested that § 510 gave the Attorney General authority to make interim appointments to vacant U.S attorney positions, but not necessarily to vacant U.S. marshal positions. That opinion stressed that a marshal was principally "an officer of the court," that a statute authorized district courts to make interim marshal appointments, and that marshals (including interim appointees in vacant posts) had to give a personal bond to guarantee proper handling of funds Memorandum for Lawrence E Walsh, Deputy Attorney General, from Robert Kramer, Assistant Attorney General, Office of Legal Counsel at 3 (Oct 21, 1959) Those factors have changed· marshals now have substantial investigatory and law enforcement duties, 28 U.S C § 566, the current marshal vacancy statute does not give courts interim appointment power (while the U.S attorney vacancy statute now does, *see, supra* note 6), and marshals are no longer required to give personal bonds.

5