

**United States Department of State**

*Washington, D.C.   20520*

April 15, 2026

***By Electronic Mail***
Mr. Geremy Kamens
Federal Public Defender
Eastern District of Virginia
1650 King St., Suite 500
Alexandria, VA 22314

> Re:    *United States v. Sharifullah*, No. 1:25-CR-0143
> (E.D.V.A.) – Response to *Touhy* Request and
> Subpoena to the State Department for Testimony of
> Chargé d'Affaires *ad interim* Jayne Howell

Dear Mr. Kamens:

This letter responds to your request dated March 27, 2026, for oral testimony of a U.S. Department of State ("State Department") employee, Chargé d'Affaires *ad interim* Jayne Howell, in connection with the above-referenced action, pursuant to 22 C.F.R. § 172 (the "Request") (attached).  This letter also sets forth the State Department's objections to the subpoena you served on the State Department on April 1, 2026 ("Subpoena") (attached), seeking the same testimony.

A party seeking official information from a federal agency that is not a party to litigation must submit its request in accordance with the agency's *Touhy* regulations.  *See US ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *COMSATCorp. v. Nat'l Science Foundation*, 190 F.3d 269, 277 (4th Cir. 1999).  The State Department's *Touhy* regulations are found at 22 C.F.R. § 172.1 *et seq*.  These regulations specify the procedures to be followed in making such a request, and they also set forth the factors the State Department considers in responding to such a request.  In addition to being served on the Office of the Executive Secretariat, a request must set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought.  22 C.F.R. § 172.5(a).  This information is needed by the State Department in order to make a determination as to whether it is appropriate to authorize the production of the requested information or testimony.

*United States v. Sharifullah*, No. 1:25-CR-0143 (E.D.V.A.)
Department of State Response to Touhy Request and Objections to Subpoena

The State Department has reviewed your Request, which directs Ms. Howell to appear in person in Alexandria, Virginia, on April 20, 2026, as a witness for the defense in the above-referenced action. The Request further states: "Ms. Howell will be questioned regarding her work in August 2021 in Kabul, Afghanistan. Specifically, her testimony regarding the circumstances leading up to the bombing of the Hamid Karzai International Airport on August 26, 2021, is necessary at the trial." A *Touhy* request must set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought. Your Request provides no additional details about the specific information you are seeking from the State Department, why you are seeking it, how you plan to use it, in what way you believe it is necessary to Mr. Sharifullah's defense, why you believe Ms. Howell would be an appropriate witness, or why you believe the requested testimony is not available from other sources.

The State Department considers a non-exhaustive list of factors identified in 22 C.F.R § 172.8(a) in deciding whether to comply with a request. These factors include:

> (1) whether compliance with the request would be unduly burdensome or otherwise inappropriate under the applicable rules of discovery or the rules of procedure governing the case or matter in which the demand arose;
> (2) whether compliance is appropriate under the relevant substantive law concerning privilege or disclosure of information;
> (3) the public interest;
> (4) the need to conserve the time of Department employees for the conduct of official business;
> (5) the need to avoid spending the time and money of the United States for private purposes;
> (6) the need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated;
> (7) whether compliance would have an adverse effect on performance by the Department of its mission and duties; and
> (8) the need to avoid involving the Department in controversial issues not related to its mission.

*See* 22 C.F.R. § 172.8(a).

*United States v. Sharifullah*, No. 1:25-CR-0143 (E.D.V.A.)
Department of State Response to Touhy Request and Objections to Subpoena

After considering these factors as they apply to this case in light of the limited information provided in your Request, the State Department is unable to grant your Request and make Ms. Howell available for testimony.

First, compliance with the Request would be unduly burdensome. Ms. Howell currently serves as the Chargé d'Affaires *ad interim* at the U.S. Embassy in Colombo. The Subpoena demands that Ms. Howell testify on April 20, 2026—only weeks after it was served on the State Department—even though Ms. Howell is on official assignment abroad as the Chief of Mission and senior-most U.S. diplomat in Sri Lanka, thousands of miles from the Eastern District of Virginia. Although your Request explains that "it may be possible to present Ms. Howell's testimony by video," it provides no further information about the availability of that potential option.

In addition, compliance with the Request would also be burdensome because Ms. Howell has already provided extensive information about her work in August 2021 in Kabul, Afghanistan, in a transcribed interview that was conducted by the Committee on Foreign Affairs of the U.S. House of Representatives. *See* Committee on Foreign Affairs, U.S. House of Representatives, Interview of Jayne Howell, July 28, 2023 (attached). Your Request does not acknowledge Ms. Howell's transcribed interview or explain why information not contained in the transcript is relevant to Defendant's claims. The transcript of that interview, which is over 175 pages long and publicly available, comprehensively addresses the sole issue described in your Request for testimony—Ms. Howell's work in Kabul in August 2021, including the circumstances leading up to the bombing of the Hamid Karzai International Airport on August 26, 2021 (the "Abbey Gate attack")—and speaks for itself. As such, the testimony you requested would be duplicative of information that is already available to you.

Second, compliance would be inappropriate because your Request seeks information that may be classified for reasons of national security. Ms. Howell had access to, and relied on, classified information at the time in question. In particular, as she described in her transcribed interview, she received intelligence briefings prior to the Abbey Gate attack and took certain actions in response to those briefings. Requiring her to answer questions in real time about the events in question would create a risk of inadvertently disclosing classified information. That risk is heightened by the facts that (i) the situation on the ground in August 2021 was extremely fluid, and Ms. Howell may not have been fully briefed at the time regarding the classification level of information that was being conveyed to her, and (ii) to the extent she was fully briefed regarding the classification level of

*United States v. Sharifullah*, No. 1:25-CR-0143 (E.D.V.A.)
Department of State Response to Touhy Request and Objections to Subpoena

information that was being conveyed to her, due to the passage of time, she may have difficulty recollecting whether specific pieces of information were classified.

Third, the State Department must conserve the time of State Department employees for the conduct of official business. The failure to do so would necessarily have an adverse impact on the Department's limited resources and its ability to perform its core foreign policy mission and official duties. Ms. Howell is a Senior Foreign Service Officer with the rank of Minister-Counselor. As noted above, she currently serves as the Chargé d'Affaires *ad interim* in Colombo, Sri Lanka. As the Chief of Mission for the U.S. diplomatic mission to Sri Lanka, she has full responsibility for the direction, coordination, and supervision of all U.S. government Executive Branch activities, operations, and personnel in Sri Lanka, with limited exceptions. *See* 22 U.S.C. § 3927(a); 1 Foreign Affairs Manual 013.2 ("Responsibilities of Chiefs of U.S. Missions") (*available at* https://fam.state.gov/fam/01fam/01fam0010.html*)*. Ms. Howell manages the U.S. Embassy in Colombo and oversees the bilateral relationship between the United States and Sri Lanka, including with respect to political-military cooperation, maritime security (including coordination with the United States Indo-Pacific Command and the U.S. Navy's 7th Fleet), counterterrorism, counter-narcotics, economic cooperation, sanctions compliance, and trade. Recently, Ms. Howell has been instrumental in managing the U.S. response within the region to the conflict with Iran, including the U.S. response to the presence of Iranian Navy vessels and personnel in the Indian Ocean.

Ms. Howell has no plans to be in the United States on April 20, 2026, when she will be attending to her duties in Sri Lanka as Chief of Mission. Requiring Ms. Howell to provide the requested testimony—to say nothing of traveling from Sri Lanka to the Eastern District of Virginia and back—would require both Ms. Howell and agency counsel to spend a significant amount of time preparing for and participating in the proceedings at a time when Ms. Howell must personally attend to urgent and important U.S. foreign policy and national security interests in Sri Lanka. These efforts would take Ms. Howell and other State Department employees away from time required to perform their core functions and responsibilities, which would have an adverse effect on the ability of the Department to accomplish its mission.

Finally, the State Department recognizes the public interest in ensuring that criminal defendants can present a complete defense. However, your Request does not articulate how Ms. Howell's testimony is necessary to Mr. Sharifullah's defense, particularly given the availability of her comprehensive transcribed

4

interview covering the subject of your Request. The public interest in a defendant's rights must be balanced against the compelling interest in Ms. Howell remaining in Sri Lanka so that she can continue performing her statutory and presidentially-mandated responsibilities as Chief of Mission during a period of heightened regional security concerns. Given the availability of alternative sources of the same information and the lack of specificity regarding what additional testimony is needed, the balance of public interests weighs against requiring Ms. Howell's testimony at this time.

For the reasons described above, including Ms. Howell's present overseas location, the need for her to attend to her official responsibilities at the U.S. Embassy in Sri Lanka, the availability of her transcribed interview regarding the events at Abbey Gate, the challenges associated with protecting classified information in any real-time examination, and the lack of any specificity with respect to the information you are seeking from Ms. Howell, the Department has determined that your Request should be denied.

Sincerely,

Jeremy B. Freeman
Assistant Legal Adviser for
Afghanistan, Pakistan, South and
Central Asia

Attachments:

*Touhy* Request and Subpoena for Testimony of Jayne Howell

Committee on Foreign Affairs, U.S. House of Representatives, Interview of Jayne Howell, July 28, 2023