**FEDERAL PUBLIC DEFENDER**
EASTERN DISTRICT OF VIRGINIA
1650 KING STREET, SUITE 500
ALEXANDRIA, VIRGINIA 22314
TELEPHONE: (703) 600-0800
FAX: (703) 600-0880

*Geremy C. Kamens*
*Federal Public Defender*
*(703) 600-0848 (Direct Dial)*

April 15, 2026

Jeremy Freeman
Assistant Legal Advisor for Afghanistan,
Pakistan, South and Central Asia

Dear Mr. Freeman:

Thank you for your email. As we noted in our letter dated March 27, 2026, we represent the defendant in *United States v. Sharifullah*, Case No. 1:25-cr-143 (E.D. Va.). Our client, Muhammad Sharifullah, is charged with conspiracy to provide material support in connection with the attack at the Hamid Karzai International Airport on August 26, 2021.

We are aware of Ms. Howell's testimony on July 28, 2023, to the House Foreign Affairs Committee. We seek to adduce testimony from Ms. Howell based on the specific information that she testified to in that transcript – which as you note "comprehensively addresses the sole issue described in [our] Request for testimony." In particular, Ms. Howell is uniquely able to testify regarding the determination to direct State Department consular officers who had been processing evacuees on August 26, 2021, to pull back from the Abbey Gate, such that no State Department employees were harmed as a result of the attack.

Accordingly, the information that we seek to adduce has been publicly released and is not classified. (We also have access to classified information and have conducted multiple CIPA hearings in connection with this case — but the information we seek to present from Ms. Howell is not classified).

But as you may be aware, transcripts are not admissible evidence at trials in the United States except under limited circumstances pursuant to Federal Rule of Evidence 804(b). While we are sensitive to the burdens that are imposed by the need for live testimony, the government's interest in the "conduct of official business" is not a valid basis upon which to deny a valid subpoena issued by a United States district court upon a person who is subject to U.S. subpoena authority.

On that point, we do not agree that regulations issued pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), apply in litigation that is brought by the United States. *See Touhy*, 340 U.S. at 467 ("Nor are we here concerned with the effect of a refusal to produce in a prosecution by the United States."); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989)

(considering *Touhy* and stating that "[t]he policy behind such prohibitions on the testimony of agency employees is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business."); *Alexander v. F.B.I.*, 186 F.R.D. 66, 70-71 (D.D.C. 1998) ("The Supreme Court's holding in *Touhy* is applicable only in cases where the United States is not a party to the original legal proceeding.").

In the single case your letter cites in addition to *Touhy*, *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269 (4th Cir. 1999), the Fourth Circuit noted that "it is sovereign immunity … that gives rise to the Government's power to refuse compliance with a subpoena." *Id.* at 277. But "[i]n federal court, the federal government has waived its sovereign immunity, *see* 5 U.S.C. § 702, and neither the Federal Housekeeping Statute nor the *Touhy* decision authorizes a federal agency to withhold documents from a federal court." *Houston Bus. J., Inc. v. Off. of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1212 (D.C. Cir. 1996). In short, "[i]n cases originating in federal court in which the federal government is a party to the underlying litigation, the *Touhy* problem simply does not arise." *Alexander*, 186 F.R.D. at 70.

At bottom, *Touhy* regulations are designed to protect federal employees from being dragged into litigation that has nothing to do with the United States. But here, the United States has brought a criminal proceeding against Mr. Sharifullah.  And "since the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense." *United States v. Reynolds*, 345 U.S. 1, 12 (1953).

As we noted in our letter, we are eager to discuss mutually acceptable means of securing Ms. Howell's testimony, specifically via video or perhaps by deposition.

Sincerely,

Geremy C. Kamens