IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:25-CR-143 |
| ) | |
| MOHAMMAD SHARIFULLAH ) | |
| ) | |
| Defendant. ) | |

<u>MOTION TO EXCLUDE NON-DISCLOSED EXPERT TESTIMONY FROM
GOVERNMENT WITNESSES</u>

Mohammad Sharifullah, through counsel, hereby moves to exclude expert testimony from witnesses who have not been identified as experts: Digital Forensic Examiner Gabriela Mancini and Intelligence Analyst Ryan Dourand.

Because the government seeks to adduce testimony from these witnesses that is based in scientific, technical, or other specialized knowledge, and neither Mancini nor Dourand have been identified as experts pursuant to the Court's disclosure deadline, the Court should preclude their testimony at trial.

**I.      The Federal Rules of Evidence Clearly Distinguish Expert Testimony from Lay Witness Testimony.**

Federal Rule of Evidence 702 governs the admissibility of expert testimony and applies broadly to witnesses qualified "by knowledge, skill, experience, training, or education" who provide testimony based on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702. The restrictions imposed by *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), Rule 702, Rule 16, and this Court's disclosure order apply to every type of expert testimony, whether grounded in scientific,

technical, or other specialized knowledge.

Fact witnesses, by contrast, testify based on personal knowledge, Rule 602, and lay opinion testimony is grounded in a witness's perception that is "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). Rule 701 was amended in 2000 "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701, advisory comm. n. (2000 amend). Admission of expert testimony under the guise of lay opinion testimony can constitute reversible error. *United States v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010) (reversing conviction in part because of improper admission of agent's interpretation of wiretapped calls under Rule 701).

Testimony about the extraction of data from digital media is plainly subject to Federal Rule of Evidence 702 because "the process of forensic data extraction requires 'some specialized knowledge of skill or education that is not in possession of the jurors.'" *United States v. Yu*, 411 F. App'x 559, 566–67 (4th Cir. 2010); *accord United States v. Stanley*, 533 F. App'x 325, 327 (4th Cir. 2013) ("many courts have noted that the process of forensic data extraction requires specialized knowledge or skill conducive to expert testimony"); *United States v. Wehrle*, 985 F.3d 549, 554 (7th Cir. 2021) ("The forensic-examination process here implicated Rule 702 because [the witness] testified to technical concepts beyond ordinary knowledge."); *United States v. Ganier*, 468 F.3d 920, 926 (6th Cir. 2006) (holding that testimony that "require[s] [the witness] to apply knowledge and familiarity with computers and the particular

2

forensic software well beyond that of the average layperson" constitutes expert testimony). Even testimony limited to "extraction and translation of the data at issue [from a device]" is not lay opinion, but constitutes expert testimony. *Yu,* 411 F. App'x at 567.

Likewise, geospatial analysis and the use of proprietary mapping software to generate maps is subject to Rule 702. *See United States v. Morgan*, 45 F.4th 192, 203 (D.C. Cir. 2022) (expert's use of software to generate maps subject to Rule 702); *United States v. Nelson,* 533 F. Supp. 3d 779, 797 (N.D. Cal. 2021) (expert's use of mapping software to generate displays "remain subject [] to Rule 702's requirements that her methodology be reliable and that it rest on an adequate factual basis").

## II.    The Court Should Bar Testimony from Proposed Government Witnesses Mancini, Biggs, and Dourand.

### A. Mancini and Dourand Are Expert Witnesses.

Gabriela Mancini is a digital forensic examiner who conducted an analysis of cell phones provided by Pakistan and associated with Mr. Sharifullah to extract information that may be used in this prosecution. Mr. Dourand is an intelligence analyst who, according to information provided by the government, has a background in geospatial modeling, is a member of FBI Washington's Geospatial Intelligence Team, and has received 65 hours of FBI training in geospatial analysis, 32 hours of which was focused on the use of proprietary FBI mapping software.

### B. The Proposed Testimony Has Not Been Subject to the Requirements of Rule 702 and Was Not Disclosed In Accordance With the Court's Expert Disclosure Deadline.

This Court ordered initial expert disclosures to be exchanged on February 9,

2026. ECF 102. The expert disclosure deadline was set sufficiently in advance of trial so that the parties would have sufficient time to review the disclosures, file motions to exclude, and potentially identify rebuttal experts. Once again, the government entirely failed to comply with its obligations to disclose expert testimony as required.

The exhibits provided last week make clear that both Mancini and Dourand would present testimony based on "scientific, technical, or other specialized knowledge" that is subject to Rule 702. Because this testimony is not admissible as lay opinion testimony, the Court should exclude it. *See Yu*, 411 F. App'x at 567 (affirming exclusion of forensic examiner who was not disclosed as expert); *United States v. Barile*, 286 F.3d 749, 759 (4th Cir. 2002) (exclusion is acceptable remedy for failure to comply with Rule 16 expert disclosure requirement).

Dated: April 18, 2026.

Respectfully Submitted,

By Counsel,

_____/s/_____
Geremy C. Kamens
Va. Bar No. 41596
Federal Public Defender
Lauren E. S. Rosen
VA Bar No: 98540
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0800
(703) 600-0880 (fax)
Lauren_Rosen@fd.org
Geremy_Kamens@fd.org