IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Case No. 1:25-CR-143 |
| | ) |
| MOHAMMAD SHARIFULLAH | ) |
| | ) |
| Defendant. | ) |

## OBJECTIONS TO GOVERNMENT EXHIBITS

Mohammad Sharifullah, through counsel, lodges the following objections to the government's proposed exhibits that are enumerated in the chart below, and supported by briefing. As previously outlined in ECF No. 122 and 148, the defense objects to any evidence or testimony related to the wire-twists and biological evidence which includes government exhibits 4-1 through 8-3 and 10-1 through 10-6. Further as outlined at ECF No. 123 & 160, Mr. Sharifullah also objects to the testimony of proposed government expert Treml, which includes exhibits 9-1 through 9-30.[1]   Mr. Sharifullah maintains those objections and enumerates below other objections to the contested testimony, if deemed admissible, while reserving the right for further objection to the evidence as it is introduced at trial.

| Exhibit No. | Description | Objection |
|---|---|---|
| 1-1 | May 7, 2014, FTO Designation of ISIS | Cumulative; the Court took judicial notice of ISIS-K's designation as an |

[1] The defense understands that the government will no longer seek to enter the 22 series, so Mr. Sharifullah will not address those exhibits in this filing.

| | | FTO at all times relevant to the indictment. |
|---|---|---|
| 1-2 | December 31, 2015, Designation of ISIS-K as an FTO | Cumulative; the Court took judicial notice of ISIS-K's designation as an FTO at all times relevant to the indictment. |
| 1-3 | November 2021 Sanaullah Ghafari Notice as a Specially Designated Global Terrorist | Cumulative; the Court took judicial notice of ISIS-K's designation as an FTO at all times relevant to the indictment. |
| 1-4 | April 25, 2024, Listing of UN Sanctions for Sanaullah Ghafari | 401, 402, 403, 801 |
| 3-1 | SOFEX-1041348 OBJ SONO 401 Rollup (Biometric enrollment for alleged Nepali suicide bomber Jan) | 401,402,403, 801, 901,104 |
| 3-3 | Photo of Hard Drive | 401,402,403, 801,805, 901,104 |
| 3-4 | 5Ws | 401,402,403, 801, 805, 901,104 |
| 3-5 | TF 20 Daily Summary | 401,402,403, 801, 805, 901,104 |
| 3-6 | FRE 902(11) Business Records Affidavit for Exhibit 3-1 | 3-1 is not a business record. |
| 3-7 | FRE 902(11) Business Records Affidavit for Exhibit 3-5 | 3-5 is not a business record. |
| 5-2 | BAF-16-0368 Final DNA Report | 801 |
| 5-6 | DNA Hit Table | 801 |
| 6-5 | FRE 902(11) Business Records Affidavit for Exhibits 6-1 through 6-4 | 6-1 through 6-4 are not business records |
| 7-1 | Latent Print Report | 801 |
| 8-1 | BAF-19-0812 Final DNA Report | 801 |
| 9-10 | Video from Amaq of the Marshall Fahim University Attack | 403 |
| 9-13 | Voice of Khurasan, Issue 1 | 401, 402, 403 |
| 9-14 | Voice of Khurasan, Issue 5 | 401, 402, 403 |

2

| 9-15 | Voice of Khurasan, Issue 13 | 401, 402, 403 |
|------|------------------------------|----------------|
| 9-18 | Video of Uzbek Rocket Attack | 403 |
| 9-21 | Video of Badakhshan Attack | 403 |
| 9-29 | Video of Moscow Attack | 403 |
| 9-30 | Voice of Khurasan Issue 34 | 401, 402, 403 |
| 10-1 | Results of Examination (Jan) | 801 |
| 10-4 | Results of Examination (Sharifullah) | 801 |
| 15-1 | Post Blast Analysis Abbey Gate Suicide Bombing | 801, 805 |
| 18-2 | FTOC Log | 801 |
| 19-1 | CART Report of Examination | 801, 702 |
| 21-2 | Map Depicting Nepal Attack Site | 801 |
| 21-8 | Uzbek Rocket Attack Map | 401, 402, 403, 702 |
| 21-9 | Badakhshan Attack Maps | 401, 402, 403,702 |
| 21-10 | Crocus City Hall Attack Map | 401, 402, 403,702 |
| 21-11 | Afghan Based Attack Maps | 401,402,403,702 |

To further support his objections under the Federal Rules of Evidence, Mr. Sharifullah offers the following arguments.

I.    *Intelligence documents are not business records, and the government cannot introduce hearsay statements to prove the original acquisition of evidentiary items.*

In exhibits 3-3 through 3-5, the government seeks to admit photos of a hard drive, and what the defense understands are two intelligence summaries, to prove the original acquisition of a business card. The two intelligence documents state that "redacted" forces conducted an operation to arrest an ISIS-K attack cell leader, and in the course discovered a plot to kidnap western females. *See* Gov. Exhibits 3-4 & 3-5. The government can certainly admit a copy of the business card that was shown to Mr. Sharifullah during an interrogation, as well as statements he made about the business card (that it was created by ISIS-K for him). But admission of the two

3

intelligence documents would violate the general ban on hearsay, as well as Mr. Sharifullah's right to confront the witnesses against him.

It would also be unduly prejudicial. The government claims the business card was found along with evidence of an entirely unrelated plot to kidnap western females by other unknown actors (to which it is not alleged Mr. Sharifullah had any participation). The plot thus is not probative of any material fact and runs the risk of causing undue prejudice, misleading the jury, and confusing the relevant issues. Fed. R. of 403.

The government has noticed its intent to enter the two intelligence documents as "business records." They plan to do so through a contractor from DOW, Mr. Biggs, who among other things analyzed exploitable materials. He himself did not acquire the hard drive, nor was he present during the raid (that was apparently conducted by non-US forces) that is detailed in the two intelligence documents. As such he cannot authenticate the hard drive and the contents therein, *see* Fed. R. Evid. 104 and 901, and any testimony he gives regarding the provenance of the hard drive and the business record would be inadmissible hearsay. Fed. R. Evid. 801.

As previously argued, the government cannot rely on hearsay to prove the original acquisition of evidentiary items. *See* ECF No.122 and 148, and akin to police reports, intelligence summaries are not business records. *See, United States v. Burruss*, 418 F.2d 677, 678 (4th Cir. 1969). There is no indication who made the statements the intelligence documents rely on, and how many levels of hearsay the intelligence documents contain. Fed. R. Evid. 805.

4

The government's attempts to expand the definition of a "business record" are inconsistent with the Federal Rules of Evidence and specifically the public records exception. Fed. R. Evid. 803(8)(A). If whomever collected and memorialized the information was acting pursuant to a "legally authorized investigation" then the factual findings are only admissible *against* the government. Fed. R. Evid. 803 (8)(A)(iii). Conversely, if the hearsay was observed by "law-enforcement personnel" while under a "legal duty to report," it is not admissible in a criminal case. Fed. R. Evid. 803 (8)(A) (ii).  The Court should deem the intelligence documents inadmissible.

II.     *Violent videos that are not probative of a material fact should not be shown to the jury.*

The government seeks to introduce videos alleged to show an Uzbek rocket attack (9-18), the Badakhshan attack (9-21), an attack at a university (9-10), and the Moscow attack (9-29). The videos are extremely violent, especially the Moscow attack, and are not material to the indictment, because the government agrees that to establish the death-resulting element, the jury must conclude that Mr. Sharifullah's conspiracy to provide material support resulted in a death at the Abbey Gate attack, not at these other attacks that did not involve American victims.  Thus, whether individuals were killed in Moscow, or any of the other attacks is immaterial. Whatever limited probative value these violent videos have is outweighed by the risk of unfair prejudice and confusing the relevant issue (i.e. what deaths are relevant). Fed. R. Evid. 403.

III.    *Expert Reports are hearsay.*

The government has noticed a number of excerpt reports as substantive evidence. *See,* Exhibit 5-2 (BAF-16-0368 Final DNA Report), 7-1 (Latent Print Report), 8-1(BAF-19-0812 Final DNA Report), 15-1 (Post Blast Analysis Abbey Gate Suicide Bombing), & 19-1 (CART Report of Examination). To be sure, any qualified expert can offer opinions consistent with the relevant reports, Fed. R. Evid. 702, but the reports themselves are inadmissible hearsay, out of court statements offered for the truth of the matter asserted. Fed. R. Evid. 801.

IV.    *The Rule of Completeness.*

The government has noticed their intent to introduce a number of excerpts of Mr. Sharifullah's statements. The defense hopes to resolve rule of completeness objections prior to trial. That said, Federal Rule of Evidence 106, that was amended in 2023, provides an "adverse party may require the introduction" of any other statement "that in fairness ought to considered at the same time[,]" as the statement being entered.    The 2023 amendment specifically provided for admission of statements over a hearsay objection. Advisory Committee Note to 2023 Amed; *see also, Pryor v. Corrigan,* 124 F.4th 475, 497 (7th Cir. 2024); *United States v. Mayfield*, No. 3:22-CR-31-KHJ-FKB, 2024 WL 86864, at *1 (S.D. Miss. Jan. 8, 2024)("The United States seeks to preclude the defense from mentioning, eliciting, offering, or using Defendant's own statements as self-serving hearsay. That request conflicts with the amendment to Rule 106, which expressly allows for rule-of-completeness evidence over a hearsay objection.").

6

If the government seeks to enter a portion of a defendant's confession, "ordinarily a defendant's entire statement should be admitted under the rule of completeness." *United States v. Beltre*, 188 F.3d 503 (4th Cir. 1999) (citing *United States v. Wenzel,* 311 F.2d 164 (4th Cir.1962)).

Dated: April 18, 2026.

Respectfully Submitted,

By Counsel,

_____/s/_____

Geremy C. Kamens
Va. Bar No. 41596
Federal Public Defender
Lauren E. S. Rosen
VA Bar No: 98540
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0800
(703) 600-0880 (fax)
Lauren_Rosen@fd.org
Geremy_Kamens@fd.org