IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) |
| v. | ) ) |
| MOHAMMAD SHARIFULLAH, | )  Case No. 1:25-cr-00143-AJT-1 ) |
| *Defendant.* | ) ) ) ) |

**MEMORANDUM OPINION**

Defendant Mohammad Sharifullah ("Defendant" or "Sharifullah") has been charged with a one-count indictment alleging conspiracy to provide material support to a foreign terrorist organization, the Islamic State of Iraq Khorasan ("ISIS-K"). [Doc. No. 18].

Defendant has filed a Motion for Advance Legal Ruling that Proximate Cause is Required to Prove Death Resulted from the Charged Conduct, [Doc. No. 115] (the "Motion"). The Court held a hearing on the Motion on April 7, 2026, following which it took the Motion under advisement. On April 17, 2026, the Court denied the Motion, [Doc. No. 192], and issues this Memorandum Opinion in further support of its ruling.

## I.    BACKGROUND

On May 15, 2025, a grand jury returned an indictment charging Mr. Sharifullah, a foreign national, with a single count of conspiracy to provide material support to a designated foreign terrorist organization resulting in death, in violation of 18 U.S. Code § 2339B. [Doc. No. 18]. The Court assumes familiarity with the facts of this case, as previously summarized by the Court. *See* [Doc. No. 199].

1

## II.    LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) authorizes parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Pursuant to this Rule, courts may determine questions of law. *See United States v. Riley*, 991 F.2d 120, 123 (4th Cir. 1993) ("Federal Rule of Criminal Procedure 12(b) specifically defines a pretrial motion as a motion 'capable of determination without the trial of the general issue'"). As such, courts may decide the elements of an offense pretrial pursuant to Rule 12. *See, e.g.*, *United States v. Salazar-Montero*, 520 F. Supp. 2d 1079, 1084 (N.D. Iowa 2007) ("[D]etermination of the elements of an offense is a matter that may properly be made pretrial pursuant to Rule 12") (citing *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992), and *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)).

## III.    DISCUSSION

Defendant moves this Court for an advanced legal ruling that the government must adduce proof of proximate causation to establish the element that death resulted from the charged conduct for purposes of 18 U.S.C. § 2339B, which prohibits "knowingly provid[ing] material support or resources to a foreign terrorist organization, or attempt[ing] or conspir[ing] to do so," and "if the death of any person results," the statute provides that the defendant "shall be imprisoned for any term of years or for life." 18 U.S.C. § 2339B(a)(1).

In *Burrage v. United States*, the Supreme Court pronounced, in the context of the Controlled Substances Act, that "[w]hen a crime requires 'not merely conduct but also a specified result of conduct,' a defendant generally may not be convicted unless his conduct is 'both (1) the actual cause, and (2) the 'legal' cause (often called the 'proximate cause') of the result.'" 571 U.S. 204, 210 (2014) (opining on the causation element in § 841(b)(1)(C) and holding that the

"ordinary meaning of 'results from'" requires "but-for causation" while declining to decide whether statute also requires proximate causation); *see also Paroline v. United States*, 572 U.S. 434, 446 (2014) ("Proximate cause is a standard aspect of causation in criminal law and the law of torts.").[1] Relying on *Burrage* and *Paroline*, Defendant argues that Section 2339B, which imposes an enhanced sentence up to life for conduct "result[ing]" in death, encompasses a built in proximate cause requirement. [Doc. No. 115]. The government, in opposition, submits that the context and plain text of the statute, which does not include "a reasonable foreseeability requirement," makes clear that there is no proximate cause requirement. [Doc. No. 120].

Section 2339B's causation standard for the imposition of its penalty enhancement appears to be a matter of first impression.[2]  The parties do agree that in the Fourth Circuit, and many other circuits, Section 841(b) of the Controlled Substances Act, which has an enhanced penalty for a "death resulting" from drug distribution, does not require proof of proximate causation. *See United States v. Alvarado*, 816 F.3d 242, 249-50 (4th Cir. 2016); *see also United States v. Jeffries*, 958 F.3d 517, 520-54 (6th Cir. 2020) (same); *United States v. Harden*, 893 F.3d 434, 447-49 (7th Cir. 2018) (same); *United States v. Burkholder*, 816 F.3d 607, 614-21 (10th Cir. 2016) (same). In reaching its conclusion in *Alvarado*, the most recent published opinion by the Fourth Circuit on this issue, the Fourth Circuit reiterated its reasoning from a previous case, *United States v. Patterson*, that "'the plain language of § 841(b)(1)(C) does not require, nor does it indicate, that prior to applying the enhanced sentence, the district court must find that death resulting from the

---

[1] Although the Supreme Court paid tribute to the common law's recognition of proximate cause in *Paroline v. U.S.*, the issue in that case was whether restitution under § 2259, which requires district courts to order defendants "to pay the victim . . . the full amount of the victim's losses," is limited to those losses proximately caused by the defendant's offense conduct. The Court held the statute imposed a proximate cause limitation, in part because the statute enumerated six categories of covered losses, including a final catchall category for "any other losses suffered by the victim as a proximate result of the offense." 572 U.S. 434, 446 (2014).

[2] Neither party cites to any circuit court or written district court authority on the causation requirement in Section 2339B, and the Court has found none.

use of a drug distributed by a defendant was a reasonably foreseeable event.'" *Alvarado*, 816 F.3d at 249 (citing *United States v. Patterson,* 38 F.3d 139 (4th Cir.1994)) (finding that Congress' clear intent was to "put[ ] drug dealers . . . on clear notice that their sentences will be enhanced if people die from using the drugs they distribute.").

In determining whether *Alvarado*'s reasoning should be extended to the material support statute, 18 U.S.C. § 2339B, the Court has considered how other courts have construed similar language in statutes other than Section 841(b) of the Controlled Substances Act. In that regard, some courts have found such statutes to not to require proximate cause, *see United States v. Felder*, 993 F.3d 57, 70 (2d Cir. 2021) (holding federal carjacking statute "resulting in death" does not require proximate cause); *United States v. Webb*, 655 F.3d 1238, 1256-57 (11th Cir. 2011) (holding health care fraud statute, 18 U.S.C. § 1347, like the Controlled Act Substances Act, does not include foreseeability or proximate cause requirement for penalty enhancement), while others have reached the opposite conclusion. *See United States v. Pineda-Doval*, 614 F.3d 1019, 1027 (9th Cir. 2010) (holding that death-results enhancement in the transportation of illegal aliens statute, 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(iv), requires proximate cause); *United States v. Martinez*, 588 F.3d 301, 318-19 (6th Cir. 2009) (finding health care fraud statute incorporates proximate cause standard but noting that parties had not challenged the causation standard).

As a textual matter, there is no meaningful way to distinguish between the penalty enhancement language in Section 2339B and that in Section 841(b)(1)(C), which, as discussed above, the Fourth Circuit has already determined does not require proximate cause. *Compare* 18 U.S.C. § 2339B(a)(1) (". . . if the death of any person results, [the convicted defendant] shall be imprisoned for any term of years or for life") *with* 21 U.S.C. § 841(b)(1)(C) (enhancing the sentence for drug distribution "if death . . . results from the use of such substance"). The similarity

4

of the language, in particular, Congress's use of the verb "result" rather than "cause" suggests its intent to eschew common law proximate cause concepts. *See Burkholder*, 816 F.3d at 614 ("Generally the ordinary meaning of 'results from' imposes a requirement of actual or but-for causation, and not proximate causation.") (cleaned up). Section 2339B also lacks any indication of congressional intent to impose a foreseeability requirement, which as the Fourth Circuit has noted, can be instructive on congressional intent. *Patterson*, 38 F.3d at 145 n.7 ("Congress understands how to place a reasonable foreseeability requirement into a sentencing enhancement provision and has explicitly done so in the past."); *see also Webb*, 655 F.3d at 1256-57 (collecting death or bodily injury results enhancements expressly requiring "foreseeability or proximate cause"). To the contrary, Congress's repeated amendments to Section 2339B's death-results language, including an amendment to the penalty provision changing the unenhanced statutory maximum from 15 to 20 years, *see, e.g.*, USA FREEDOM Act of 2015, Pub. L. No. 114-23, § 704, 129 Stat. 268, 300, left the death-results "language undisturbed." *Burkholder*, 816 F.3d at 618.

Nor does the Supreme Court's general pronouncements on proximate causation in *Burrage* counsel a different conclusion since the Supreme Court addressed only the "actual cause" requirement, finding it unnecessary to decide whether the phrase "results from," in addition to requiring "but-for causation," further required an instruction on foreseeability. *Burrage*, 571 U.S. at 214. And, as discussed above, the Fourth Circuit, following *Burrage*, has concluded that § 841(b) does not require proof that the resulting death was reasonably foreseeable. *See Alvarado*, 816 F.3d at 242.

Defendant argues that, unlike the cases discussed above in which no proximate cause requirement was found, which involved dangerous activities in which it is always foreseeable that death may proximately result from the charged conduct, the "material support" criminalized in 18

U.S.C. § 2339B is not inherently likely to proximately cause serious bodily harm or death, and for that reason counsels in favor of a proximate cause requirement.

The Court disagrees. As an initial matter, Defendant's proposed "inherent dangerousness" test for assessing a proximate cause requirement *vel non* finds little recognition in those cases that have found no proximate cause requirement. *See, e.g.*, *Webb*, 655 F.3d at 1238 (in interpreting a healthcare fraud statute with a "results in death" clause, finding no foreseeability or proximate cause requirement). And even if the inherent dangerousness of the conduct criminalized were a relevant factor for the Court to consider, it is difficult to conclude that death or serious bodily injury is not a foreseeable result of the conduct criminalized in Section 2339B, *i.e.*, providing material support for terrorism, defined as the "unofficial or unauthorized use of violence and intimidation in the pursuit of political aims," *see Terrorism*, OXFORD ENGLISH DICTIONARY, https://www.oed.com/dictionary/terrorism_n (last visited Apr. 15, 2026).

For these reasons, the Court concludes that 18 U.S.C. 2339B(a)(1)'s penalty enhancement does not require proof of proximate causation or foreseeability, but only "but for" causation.

### IV.    CONCLUSION

For the above reasons, the Motion is DENIED.

Alexandria, Virginia
April 19, 2026

_____
Anthony J. Trenga
United States District Judge

6