IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:25-cr-143-AJT |
| | ) | |
| MOHAMMAD SHARIFULLAH, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## <u>Jury Instructions</u>

1

**JURY INSTRUCTION NO. 1**

<u>Introduction to the Final Charge – Province of the Court and of the Jury</u>

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You must use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be only from the evidence received during the trial.

Counsel may quite properly refer to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

2

You were chosen as juror for this trial to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

**JURY INSTRUCTION NO. 2**

<u>Judging the Evidence</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and these instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

## JURY INSTRUCTION NO. 3

<u>Evidence Received in the Case—Stipulations, Judicial Notice, and Inferences Permitted</u>

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you should accept the stipulation as evidence and regard that fact as proved.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judges of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.

You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

## JURY INSTRUCTION NO. 4

### Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.

The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.

You should weigh all the evidence in the case.

7

# JURY INSTRUCTION NO. 5

## Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

## JURY INSTRUCTION NO. 6

### Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

# JURY INSTRUCTION NO. 7

## The Question Is Not Evidence

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

## JURY INSTRUCTION NO. 8

### Consider Only the Offense Charged

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

## JURY INSTRUCTION NO. 9

### Opinion Evidence—The Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

## JURY INSTRUCTION NO. 10

### Effect of the Defendant's Decision Not to Testify

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his right under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

**JURY INSTRUCTION NO. 11**

Credibility of Witnesses—Law Enforcement

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

14

## JURY INSTRUCTION NO. 12

<u>Credibility of Witnesses—Military</u>

You have heard the testimony of military officials. The fact that a witness may be employed by the federal government as a military official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a military witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the military witness and to give to that testimony whatever weight, if any, you find it deserves.

## JURY INSTRUCTION NO. 13

### Charts and Summaries Admitted into Evidence

Other charts or summaries have been prepared by the government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case. You may consider these charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

**JURY INSTRUCTION NO. 14**

<u>Evidence Admitted for a Limited Purpose Only</u>

You have heard evidence that a media arm of ISIS-K issued public statements taking responsibility for certain conduct. I instruct you that this evidence has been admitted only for the limited purpose of establishing that ISIS-K claimed responsibility for certain conduct, and therefore, must consider it only for that limited purpose and not for any other purpose.

You have also seen pictures and media published by the media arm of ISIS-K, which you may consider for any purpose and may give those pictures and videos such weight as you determine is appropriate for that purpose in light of all the evidence.

**JURY INSTRUCTION NO. 15**

Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his or her client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should ultimately decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

## JURY INSTRUCTION NO. 16

<u>Court's Comments to Counsel</u>

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something that I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

## JURY INSTRUCTION NO. 17

### Court's Questions to Witnesses

During the course of a trial, I may have occasionally asked questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

## JURY INSTRUCTION NO. 18

### The Indictment Is Not Evidence

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charge.

## JURY INSTRUCTION NO. 19

### "In or About"—Explained

The indictment charges that the offense alleged was committed from "in or about" a certain date to "in or about" another date.

Although it is necessary for the United States to prove beyond a reasonable doubt that the offense was committed on dates reasonably within the range of dates alleged, it is not necessary for the United States to prove that the offense was committed precisely within the dates charged.

**JOINT INSTRUCTION NO. 20**

<u>Publicity During Trial</u>

I am advised that reports about this trial are appearing in newspapers or other media. The person who wrote or is reporting the story may not have listened to all of the testimony as you have, may be getting information from people who you may not see here in court under oath and subject to cross-examination, may emphasize an unimportant point, or may simply be wrong.

Please do not read anything or listen to anything or watch anything with regard to this trial outside of this courtroom. The case must be decided by you solely and exclusively on the evidence which is received here in court.

23

## JURY INSTRUCTION NO. 21

### Photographs

Photographs were admitted in evidence for the purpose of helping you understand the testimony by showing you the conditions at the alleged scene of the crime or showing you what a witness was referring to. Some are not pleasant to look at. You should not let them stir up your emotions to the prejudice of the defendant. Your verdict must be based on a rational and fair consideration of all the evidence and not on passion or prejudice against the defendant, the government, or anyone else connected with this case.

**JURY INSTRUCTION NO. 22**

<u>Transcript of Recording in English and Foreign Language</u>

Among the exhibits admitted during the trial were recordings that contained conversations featuring both English and a foreign language—Dari. You were also provided English transcripts of those conversations.

As to the portions of the conversations in a foreign language, the transcripts were provided to you by the government so that you can consider the content of the conversations on the recordings. Whether a transcript is an accurate translation, in whole or in part, is for you to decide. You should not rely in any way on any knowledge you may have of the foreign language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

In considering whether the transcripts accurately describe the meaning of a conversation in a foreign language, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

However, as to the English portions of the recordings, the typewritten transcripts of the conversations are being given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

As to the English portions, the recordings themselves are evidence in the case and the typewritten transcripts are not evidence. What you hear on the recordings is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the recordings and not by the transcripts.

25

If you cannot, for example, determine from the recordings that particular words were spoken or if you cannot determine from the recordings who said particular words, you must disregard the transcripts insofar as those words or that speaker are concerned.

**JURY INSTRUCTION NO. 23**

<u>Prior Statement of Defendant</u>

The government has introduced evidence that Mr. Sharifullah made a statement to the FBI. You should scrutinize the evidence concerning the defendant's statements carefully and must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning Mr. Sharifullah and the circumstances under which the statement was made, and ask yourselves whether a statement made under these circumstances is one you can rely on.

If, after considering the evidence, you determine that a statement was made voluntarily, you may give it such weight as you feel it deserves under the circumstances. On the other hand, if you determine that the statement was not made voluntarily, you must disregard it. In determining whether any alleged statement was made voluntarily, you should consider the totality of the circumstances surrounding these statements.

You may not convict a Defendant solely upon his own uncorroborated statement or admission.

27

**JURY INSTRUCTION NO. 24**

Credibility of Witnesses—Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.

Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

28

You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

**JURY INSTRUCTION NO. 25**

Credibility of Witnesses—Inconsistent Statements

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here in Court during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

## JURY INSTRUCTION NO. 26

### Witness Credibility – Bias and Hostility

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of bias, prejudice, resentment or anger which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile towards the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to particularly close and searching scrutiny.

**JURY INSTRUCTION NO. 27**

<u>Presumption Of Innocence—Burden Of Proof</u>

I instruct you that you must presume the defendant to be innocent of the crime charged. Thus the defendant, although accused of a crime in the indictment, began the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. To establish a defendant's guilt, the government's evidence must exclude any reasonable doubt as to the defendant's innocence. A "reasonable doubt" may arise either from the evidence or from a lack of evidence. You must remember that a defendant is never to be convicted on mere suspicion or conjecture.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offense charged in the indictment, you must find the defendant not guilty of the offense.

## JURY INSTRUCTION NO. 28

### The Statute Defining the Offense Charged

### (Conspiracy to Provide Material Support or Resources to a Foreign Terrorist Organization Resulting in Death)

The Indictment alleges that

From in or about 2016, and continuing thereafter up to and including in or about March 2025 . . . Mohammad Sharifullah . . . and others known and unknown . . . did conspire to provide 'material support or resources,' . . . namely, personnel (including himself) [or] services, to a foreign terrorist organization-namely, ISIS-K . . . [and] . . . [t]he deaths of Victims 1 through 13, each a citizen of the United States and a United States servicemember, as well as the deaths of over one hundred civilians, resulted from the commission of this offense. (In violation of Title 18, United Sates Code, Section 2339B.).

Section 2339B of Title 18 of the United States Code provides, in relevant part, that:

Whoever knowingly provides material support or resources to a foreign terrorist organization, . . . or conspires to do so, ... and, if the death of any person results, shall be [guilty of an offense]. To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization (as defined [by law]), that the organization has engaged or engages in terrorist activity (as defined [by law]) ... , or that the organization has engaged or engages in terrorism (as defined [by law]) . . . .

33

**JURY INSTRUCTION NO. 29**

<u>Elements of the Offense Charged</u>

<u>(Conspiracy to Provide Material Support or Resources to a Foreign Terrorist Organization Resulting in Death)</u>

In order to prove the defendant, Mohammad Sharifullah, guilty of conspiracy to provide material support or resources to a foreign terrorist organization, as charged in Count One of the indictment, the government must prove the following elements beyond a reasonable doubt:

One:    The Defendant entered into an agreement with one or more persons to provide material support or resources to a foreign terrorist organization;

Two:    That the defendant knowingly and voluntarily became a part of that agreement;

Three:    That the defendant knew that the organization was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism; and

Four:    That after the conduct required for this offense occurred, the defendant was brought into the United States.

The government has also charged that this offense resulted in a person's death. Therefore, when it comes time to deliberate, you must first determine whether the government has proven beyond a reasonable doubt that the defendant is guilty of conspiring to provide material support or resources to a foreign terrorist organization under the elements I have just described. If you find that the defendant is guilty of conspiring to provide material support or resources to a foreign terrorist organization, you must then determine whether the government has proven beyond a reasonable doubt that a victim's death resulted from the commission of this offense. I will give you instructions on the standard for death resulting shortly.

34

## JURY INSTRUCTION NO. 30

### Conspiracy—Existence of an Agreement

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at an agreement to provide material support to a foreign terrorist organization as alleged in Count One of the Indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment. Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant of the charge contained in Count One of the Indictment.

35

## JURY INSTRUCTION NO. 31

### Conspiracy – Membership in an Agreement

Before the jury may find that the defendant, or any other person, became a member of a charged conspiracy, the evidence in the case must show beyond a reasonable doubt that the defendant knew the unlawful purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant knowingly and deliberately entered into an agreement, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

You may only convict the defendant of a count if you find that the government has proven beyond a reasonable doubt that the defendant was a member of the particular conspiracy charged in the indictment.

## JURY INSTRUCTION NO. 32

### "Knowingly"—Defined

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

**JURY INSTRUCTION NO. 33**

<u>Proof of Knowledge or Intent</u>

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because generally there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

**JURY INSTRUCTION NO. 34**

<u>"Material Support or Resources"—Defined</u>

The term "material support or resources" means any property, tangible or intangible, or service, including currency, financial services, lodging, training, expert advice or assistance, false documentation or identification, facilities, weapons, lethal substances, explosives, personnel (one or more individuals who may be or include oneself), and transportation, except medicine or religious materials. There is no requirement that the defendant conspired to provide all of these forms of material support or resources.

## JURY INSTRUCTION NO. 35

<u>Designated Foreign Terrorist Organization & Terrorist Activity & Terrorism</u>

The term "foreign terrorist organization" has a particular meaning under this statute. In order for an organization to qualify as a "foreign terrorist organization," the organization must have been designated as such by the Secretary of State through a process established by law.

At all times relevant to the indictment, ISIS-K was so designated by the Secretary of State.

**JURY INSTRUCTION NO. 36**

Terrorist Activities

To convict the Defendant under this statute, the government is required to prove that the Defendant knew that ISIS-K is a designated terrorist organization, or knew that ISIS-K has engaged or engages in unlawful sabotage, assassination, bombings, politically-motivated violence against civilians, the use of firearms, explosives, or other weapons (other than for mere personal monetary gain) with intent to endanger a person or property.

**JURY INSTRUCTION NO. 37**

<u>"Resulting in Death"</u>

The government has charged that the offense in Count One resulted in the death of one or more persons named in the indictment. That means that if you conclude that the Government has proved beyond a reasonable doubt every element of Count One as I have previously explained them, you must then determine whether the Government has also proved beyond a reasonable doubt that a death resulted from the commission of that offense.

In order to prove that a death resulted from the commission of an offense, the Government must prove beyond a reasonable doubt that a person's death was a consequence of the offense being committed. That means that the Government must prove beyond a reasonable doubt that but for the commission of the offense, the victim would not have died.

It is sufficient if the Government proves that the commission of the offense combined with other factors to cause the victim's death, as long as those other factors would not have resulted in the victim's death regardless of whether the offense happened. The Government is not required to prove that the defendant, or anyone else, intended to cause the victim's death or that the victim's death was foreseeable to the defendant or others. The Government does not have to prove that any act personally done by the defendant caused the victim's death. It needs to prove beyond a reasonable doubt only that the defendant is guilty of committing the offense under the law previously explained and that if the offense had not been committed, the victim would not have died.

In other words, the commission of the offense must be a but-for cause of the person's death but it need not be the sole cause. It is not enough that the commission of the offense merely played a non-essential role in the death. If the death or deaths would have occurred regardless of whether

42

the charged conspiracy happened, then the person's death did not result from the commission of the offense.

Further, it is sufficient for the government to prove beyond a reasonable doubt that only one death resulted from the offense. The government therefore need not prove that the offense resulted in the death of every victim alleged in the indictment. However, you must unanimously agree as to at least one specific victim whose death resulted from the commission of the offense.

If you conclude that the Government has proven beyond a reasonable doubt that the defendant conspired to provide material support to a terrorist organization, you should then decide whether that conspiracy related to the attack at Hamid Karzai International Airport on August 26, 2021, and if so, whether death resulted from that conspiracy. However, you must unanimously agree that the conspiracy for which you found the Defendant guilty, was the conspiracy that resulted in that death.

**JURY INSTRUCTION NO. 38**

<u>Verdict—Election of Foreperson—Duty to Deliberate—Unanimity—Punishment—Form of Verdict—Communication with the Court</u>

Upon retiring to your jury room to begin your deliberations, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. To return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view toward reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict I supply for you, is to suggest or convey to you in any way or manner any suggestion as to what verdict I think you

44

should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

A Form of verdict has been prepared for your convenience and reads as follows:

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the court security officer. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the court security officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

45