IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:25-cr-143-AJT |
| MOHAMMAD SHARIFULLAH, | ) | |
| also known as "JAFAR," | ) | |
| | ) | |
| Defendant. | | |

**GOVERNMENT'S MEMORANDUM REGARDING RIPENESS OF
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

Sharifullah's motion for judgment of acquittal likely presents a live controversy.  The Court

therefore should reject it on the merits.  Regarding ripeness, Sharifullah properly brought his Rule

29 motion after the close of the government's evidence and renewed it after the jury verdict.  The

motion therefore was ripe at its inception.  As for mootness, grant of the Rule 29 motion would

categorically preclude retrial of the death-results element.  By contrast, the Court's double

jeopardy ruling conditionally precludes retrial absent vacatur of the conspiracy conviction.

Sharifullah's interest in foreclosing retrial thus likely suffices to avoid mootness.  *See, e.g.*, *United

States v. Munoz*, 409 F. App'x 117, 121 (9th Cir. 2010) ("The count was dismissed without

prejudice when the jury deadlocked. Although the government submits that the issue is moot, we

disagree because the grant of a Rule 29 motion would preclude retrying Munoz on this charge.").

To be sure, this Court's double jeopardy ruling could be viewed as equivalent to dismissal

of the death-results element without prejudice, and defendants typically lack "standing to appeal"

a "dismissal without prejudice."  *See United States v. Lanham*, 631 F.2d 356, 357-58 (4th Cir.

1980) (per curiam) (citing *Parr v. United States*, 351 U.S. 513, 516-19 (1956)).  By contrast with

standing, though, "mootness . . . constitutes a relatively weak constraint on federal judicial power."

*See United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013); *West Virginia v. Env't Prot. Agency*, 597 U.S. 697, 719 (2022) ("The distinction" between "*mootness*" and "standing" "matters because the Government, not petitioners, bears the burden to establish that a once-live case has become moot"). "'[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.'" *Springer*, 715 F.3d at 540. As noted, Sharifullah's interest in precluding retrial likely is sufficiently "'concrete'" to stave off mootness. *See id.*

Jurisdiction aside, some courts have suggested that a hung jury or vacatur of a count on other grounds obviates the need to address evidentiary sufficiency. *See, e.g.*, *United States v. Bowens*, 224 F.3d 302, 314 n.5 (4th Cir. 2000) ("Because we vacate Bowens' § 1071 convictions for lack of venue, we need not reach his argument that the evidence of harboring or concealing was insufficient to sustain the verdict."); *United States v. Bruno*, 661 F.3d 733, 741 (2d Cir. 2011) ("Because the government would not be barred on double jeopardy grounds from retrying Bruno on [count where jury failed to reach a verdict] if the evidence presented at trial was insufficient to sustain a conviction, we are not required to engage in a sufficiency of the evidence analysis as to that Count"); *United States v. Jenkins*, 675 F. Supp. 2d 647, 654 (W.D. Va. 2009) ("It is sufficient to state as to Count Three, that there is no review of the sufficiency of evidence presented at a trial that results in a properly granted mistrial."). However, in affirming the denial of a Rule 29 motion after a mistrial, the Fourth Circuit has stated that "[t]he standard of review for a motion for judgment of acquittal following a mistrial is no different than it would be following a jury conviction," suggesting the court believes such motions should be addressed on the merits. *See United States v. Jaensch*, 665 F.3d 83, 93 (4th Cir. 2011). This Court therefore should reject Sharifullah's Rule 29 motion on the merits.

Respectfully submitted,

Todd W. Blanche
Acting Attorney General

By:                                                    /s/

John T. Gibbs
Virginia Bar Number 40380
Avi Panth
Virginia Bar Number 92450
Reed Sawyers
D.C. Bar Number 90018498
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3982
John.Gibbs@usdoj.gov

John A. Eisenberg
Assistant Attorney General for National Security

Ryan D. White
D.C. Bar Number 1655918
Trial Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, D.C. 20530
Phone: (202) 514-0849
Fax: (202) 514-8714
Ryan.White@usdoj.gov

3